MORGAN, LEWIS & BOCKIUS LLP
Robert Jon Hendricks, State Bar No. 179751
rj.hendricks@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, State Bar No. 284832
andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel.: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendant
DAL GLOBAL SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BRULEE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAL GLOBAL SERVICES, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-6433<br><br>**NOTICE OF REMOVAL BY DEFENDANT DAL GLOBAL SERVICES, LLC TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Los Angeles County Superior Court Case No. BC671003]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DAL Global Services, LLC ("Defendant" or "DGS") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Defendant states the following:

## I.   SUMMARY OF COMPLAINT

1.   On August 2, 2017, Plaintiff Mark Brulee filed a complaint in the Superior Court of the State of California, for the County of Los Angeles, entitled *Mark Brulee, individually, and on behalf of all others similarly situated vs. DAL Global Services, LLC*, Case No. BC671003 ("Complaint"). The Complaint asserts the following claims for relief: (1) failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (2) failure to authorize and permit rest breaks (Cal. Lab. Code § 226.7); (3) failure to pay minimum and straight time wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (4) failure to pay overtime compensation (Cal. Lab. Code §§ 1194 and 1198); (5) failure to indemnify employees for expenditures (Cal. Lab. Code § 2802); (6) failure to timely pay final wages at termination (Cal. Lab. Code §§ 201-203); (7) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); and (8) unfair business practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

2.   On August 4, 2017, Plaintiff caused the Summons and Complaint to be served on Defendant. A true and correct copy of the documents Plaintiff served on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

1

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

Defendant is attached hereto as **Exhibit 1**.  Exhibit 1 constitutes all process, pleadings, and orders served upon Defendant in this action.

3. On August 25, 2017, Defendant filed and served its Answer to the Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2** and is incorporated by reference.

4. The Complaint and the Answer (attached hereto as **Exhibits 1** and **2**) constitute all pleadings that have been filed in this action of which Defendant is aware.

5. This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), in that it is filed within 30 days of service of Plaintiff's Complaint on Defendant.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## II.   DIVERSITY JURISDICTION EXISTS

### A.   The Court Has Original Subject Matter Jurisdiction Under CAFA.

7. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

8. This action is brought by putative representative persons on behalf of a proposed class of individuals identified as "[a]ll persons that worked for any Defendant in an hourly-paid, non-exempt position in California at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." Compl., ¶25.  As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

9. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2

2

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### B. **Diversity of Citizenship Exists.**

10. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### 1. **Plaintiff Is a Citizen of California.**

11. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12. Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party

---

[1] Defendant does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

3

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

13. Plaintiff alleges he is a resident of the State of California. Compl., ¶7. Plaintiff further alleges that he worked for Defendant at John Wayne Airport in Orange County, California, as a Ramp Agent from approximately September 2016 to December 2016. *Id*. During his employment with Defendant, Plaintiff provided Defendant with a home address in California. Declaration of Amy Liddell ("Liddell Decl."), ¶3, attached hereto as **Exhibit 3**. Plaintiff does not allege that he is a citizen of any state other than California and there is no indication that Plaintiff is or was a citizen of any state other than California at any time relevant to the Complaint. Thus, Plaintiff is domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2. **Defendant is a Citizen of Georgia and Delaware.**

14. Defendant is a limited liability company, which is treated the same as unincorporated associations for purposes of citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for purposes of diversity jurisdiction." *See id.* (*citing Gen. Tech. Applications, Inc. v. Exro Ltda.,* 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

15. Therefore, for purposes of diversity jurisdiction, the corporate citizenship rule does not apply to LLCs. *See* 28 U.S.C. § 1332(c). Instead, the Ninth Circuit looks to the citizenship of each of the LLC's members. *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

4

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

Consistent with its sister circuits, the Ninth Circuit has held that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson*, 437 F.3d at 899.

16. Defendant is a wholly owned subsidiary of Delta Air Lines, Inc. ("Delta") and as such its sole member is Delta. Liddell Decl., ¶4. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Delta is, and since the commencement of this action has been, a corporation organized and existing under and by virtue of the laws of the State of Delaware. Liddell Decl., ¶5. Currently and prior to and since the commencement of this action, Delta has had its corporate headquarters and principal place of business in Atlanta, Georgia. *Id.*; *see generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). The majority of Delta's executive functions take place in Atlanta, Georgia. Liddell Decl., ¶5. The greater part of Delta's administrative functions (including payroll, legal, and human resources) are in Atlanta, Georgia. *Id.* Delta's officers direct, control, and coordinate the corporation's activities in Atlanta, Georgia. *Id.*

17. Delta is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive offices based in California. Liddell Decl., ¶6. Thus, Delta is not now, and was not at the time of the filing of the Complaint, a citizen of California within the meaning of the Acts of Congress relating to the removal of cases. Rather, Delta is, and, has been ever since this action commenced on August 2, 2017, a citizen of Delaware and Georgia for diversity purposes. 28 U.S.C. § 1332(c)(1).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2
5
DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

18. Based on the aforementioned facts, Defendant DAL Global Services, LLC is, and at all times relevant was, a citizen of the States of Delaware and Georgia for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

19. Although Plaintiff has listed 20 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

20. Based on the above, the minimal diversity requirement is met because Plaintiff is a citizen of California and Defendant is not a citizen of California.

### C. **There Are More Than 100 Putative Class Members.**

21. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members. From August 2, 2013 to August 2, 2017, DGS has employed approximately 2,233 non-exempt, hourly individuals in California. Liddell Decl., ¶7.

### D. **The Amount-in-Controversy Requirement Is Satisfied.**

22. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

23. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

6

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

24. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction. Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

25. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per putative class member per pay period. 471 Fed. App. at 648. Noting that the plaintiff alleged that his claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiff's claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

26. While Defendant denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent is entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

7

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

27. Plaintiff alleges that Defendant "maintained a systematic, company-wide policy and practice of" failing to comply with various wage and hour requirements under California law. Compl., ¶4. Plaintiff further alleges that Defendant's purported violations of California wage and hour laws constitute "unfair, unlawful and/or fraudulent business practices." *Id.*, ¶¶95, 97, 99.

### 1. Plaintiff's Meal Break Claim Places At Least $528,000 in Controversy.

28. In the First Cause of Action, Plaintiff alleges that Defendant has "regularly failed to provide Plaintiff and the Class with . . . meal periods as required by California law" and that it was "Defendants' policy and practice . . . to not provide meal periods to Plaintiff and the Class in compliance with California law." Compl., ¶¶16, 34. Plaintiff further alleges that Defendant "willfully" violated the provisions of Labor Code section 226.7 and the applicable wage order(s) and that "Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s)." *Id.*, ¶34-35. The class period is alleged to include the last four years from the date of the filing of the Complaint. *Id.*, ¶24.

---

establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a class wide basis. Defendant specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

8

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

29. California Labor Code Section 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided." *See also Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

30. During the putative class period, the lowest minimum wage in California was $8 per hour.

31. According to Defendant's records, from August 2, 2013 to August 2, 2017, Defendant's non-exempt, hourly employees in California worked approximately 110,000 shifts that lasted longer than five (5) hours (Liddell Decl., ¶10) – which are shifts for which Plaintiff claims that Defendant was obligated to provide these employees with an opportunity to take a meal period (and potentially multiple such periods depending on the length of the shift). *See* Compl. ¶15 ("Defendants regularly required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30 minute, continuous and uninterrupted, duty-free meal period every for [sic] five hours of work . . . .").

32. Although Defendant would be entitled for purposes of this Removal to estimate that putative class members never received a meal period during these 110,000 shifts based on the Complaint's allegations, here Defendant will limit its estimate to three claimed missed meal periods per every five shifts worked lasting longer than five (5) hours. Accordingly, the potential amount in controversy under Labor Code section 226.7 for failing to provide meal breaks would be: 110,000 total workdays x 0.6 x $8 (lowest minimum hourly wage) = **$528,000**.

    2. **Plaintiff's Rest Break Claim Places At Least $528,000 in Controversy.**

33. In the Second Cause of Action, Plaintiff alleges that Defendant has "failed to provide Plaintiff and the Class to take rest breaks" as required by California law and that "Defendants' policy and practice was to not authorize and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31850908.2

9

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

permit Plaintiff and the Class to take rest periods in compliance with California law. Compl., ¶¶16, 40. Plaintiff further alleges that Defendant "willfully" violated the provisions of Labor Code section 226.7 and the applicable wage order(s) and that "Plaintiff and the Class are entitled to be paid one hour of premium wages for each workday he or she was not provided with all required rest period(s)." *Id.*, ¶34-35. The class period is alleged to include the last four years from the date of the filing of the Complaint. *Id.*, ¶24.

34. California Labor Code Section 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided." *See also Brinker*, 53 Cal. 4th at 1039.

35. According to Defendant's records, from August 2, 2013 to August 2, 2017, Defendant's non-exempt, hourly employees in California worked approximately 110,000 shifts that lasted longer than five (5) hours (Liddell Decl., ¶10) – which are shifts for which Plaintiff claims that Defendant was obligated to authorize and permit these employees to take a rest break (and potentially multiple such breaks depending on the length of the shift).[3] *See* Compl. ¶16 ("Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10 minute, continuous and uninterrupted, rest period for every four hours work (or major fraction of four hours) . . . .").

36. Although Defendant would be entitled for purposes of this Removal to estimate that putative class members never received a rest period during these

---

[3] An employer's obligation to authorize and permit a rest break for hourly, non-exempt employees is triggered for any shift lasting 3.5 hours or longer, *see* IWC Wage Order 9 § 12(A). As such, Defendant is undercounting the potential number of shifts at issue by not including shifts of 3.5 to 5 hours in length and thus is underestimating the potential amount in controversy.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2

10

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

1  110,000 shifts based on the Complaint's allegations, here Defendant will limit its
2  estimate to three claimed missed rest periods per every five shifts worked lasting
3  longer than five (5) hours.  Accordingly, the potential amount in controversy under
4  Labor Code section 226.7 for failing to provide rest breaks would be:  110,000
5  workdays x 0.6 x $8 (lowest minimum hourly wage) = **$528,000**.

### 3. Plaintiff's Minimum Wage Claim Places At Least $264,000 in Controversy.

37.   In the Third Cause of Action, Plaintiff alleges that "Defendants maintained a policy and practice of failing to pay Plaintiff and the Class for all hours worked" and "required Plaintiff and the Class to work through meal and rest periods, uncompensated." Compl., ¶17.  Plaintiff further alleges that "Defendants required Plaintiff and the Class to work 'off-the-clock,' uncompensated." *Id.*  For purposes of calculating the amount in controversy, Defendant will limit its analysis to Plaintiff's claim that Defendant's "policy and "practice" was to require Plaintiff and putative class members to work through meal periods.

38.   Although Defendant would be entitled for purposes of this Removal to estimate that putative class members never received a meal period during the 110,000 shifts based on the Complaint's allegations, here Defendant will limit its estimate to three claimed missed meal periods per every five shifts worked lasting longer than five (5) hours.  This would mean an additional hour and a half of work for every three shifts worked lasting longer than five (5) hours.  Thus, the potential amount in controversy would be:  110,000 workdays x 0.6 x $4 (30 minutes of work at the minimum hourly wage of $8) = **$264,000**.

### 4. Plaintiff's Waiting Time Penalties Claim Places At Least $2,361,960 in Controversy.

39.   In the Sixth Cause of Action, Plaintiff seeks statutory waiting-time penalties against Defendant for allegedly failing to timely pay all wages due upon termination pursuant to California Labor Code sections 201-203.  Compl., ¶¶ 67-73.

1  Specifically, Plaintiff alleges that during the putative class period "Defendants
2  failed, and continue to fail to pay terminated Class Members, without abatement, all
3  wages required to be paid by California Labor Code sections 201 and 202 either at
4  the time of discharge, or within seventy-two (72) hours of their leaving Defendants'
5  employ." *Id.*, ¶69; *see also id.* ¶20 ("Throughout the time period in this case,
6  Defendants willfully failed and refused to timely pay Plaintiff and the Class at the
7  conclusion of their employment all wages for missed meal periods, rest periods,
8  hours worked . . . ."). Plaintiff further alleges that "Plaintiff and the Class are
9  entitled to recover from Defendants their additionally accruing wages for each day
10 they were not paid, at their regular hourly rate of pay, up to 30 days maximum to
11 California Labor Code § 203." *Id.*, ¶ 72.

12  40.  California Labor Code Section 203 provides for a penalty of up to 30
13 days of daily wages at the same rate for an injured employee. The statute of
14 limitations for "waiting time" penalties under Labor Code Section 203 is three
15 years.[4] From August 2, 2014 to August 2, 2017, approximately 972 of the
16 individuals who worked for DGS as non-exempt, hourly employees in California
17 separated from their employment with DGS. Liddell Decl., ¶8. Thus, under
18 Plaintiff's theory of the case, if each could recover maximum waiting time penalties
19 of 30 days of daily wages for 972 members of the putative class, the aggregate
20 recovery would be: **$2,361,960** ($81 average daily wage[5] x 30 days x 972).

### 5. Plaintiff's Wage Statement Claim Places At Least $3,486,100 in Controversy.

23  41.  In the Seventh Cause of Action, Plaintiff alleges Defendant has
24 "intentionally and willfully failed to provide employees with complete and accurate
25 wage statements." Compl., ¶76. Plaintiff further alleges that he and the putative

---

[4] *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.

[5] This is based on an average eight-hour work day paid at the lowest minimum wage during this three-year period of $9 per hour (the minimum wage in California changed from $8 to $9 per hour effective July 1, 2014).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2
12
DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

class he purports to represent are thus entitled to damages and statutory penalties as provided for under Labor Code section 226. *Id.*, ¶¶79-80, Prayer for Relief, ¶¶37-38.

42. Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Lab. Code § 226(e). Such an award may be granted for each wage statement issued that fails to comply with Section 226's requirements. Thus, according to Plaintiff's theory, he and the putative class would be entitled to no less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the class period where they allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010).

43. According to its records, DGS employed approximately 1,378 non-exempt, hourly employees in California who performed some work and were paid during at least one pay period from August 2, 2016 to August 2, 2017, representing a total of approximately 40,911 pay periods. Liddell Decl., ¶9. During the relevant time period, DGS paid its hourly, non-exempt employees in California on a weekly basis. *Id.*, ¶7. Of these 1,378 employees, approximately 542 employees worked at least 41 pay periods from August 2, 2016 to August 2, 2017, representing a total of approximately 27,312 pay periods. *Id.*, ¶9. Thus the maximum penalty that could be awarded to each of these individuals under Labor Code section 226(e) is $4,000. The other approximately 836 employees worked a total of approximately 13,599 pay periods during this same time period. *Id.*, ¶9.

44. As such, Plaintiff's wage statement claim places at least **$3,486,100** in controversy [(542 employees x $4,000) + ($50 for initial violation x 836 pay periods) + ($100 for subsequent violation x 12,763 pay periods)].

### 6. For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.

45. As demonstrated above, the alleged damages on Plaintiff's First, Second, Third, Sixth, and Seventh Causes of Action, total at least over $7,168,060. In addition, Plaintiff also seeks recovery for himself and all putative members for further causes of action, including unpaid overtime and reimbursement for business expenses. Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

46. Moreover, Plaintiff seeks attorneys' fees, which, for the purposes of class actions, may be calculated by assuming 25 percent of the potential damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("[a]ttorney's fees, if authorized by statute or contract, are also part of the calculation"); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[a]ttorneys' fees may be included in the amount in controversy if recoverable by statute or contract"); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

47. Based on the calculations outlined above, the total amount in controversy exceeds $5,000,000.00 as follows:

    A.    Meal period premiums: $528,000
    B.    Rest period premiums: $528,000
    C.    Unpaid minimum wage: $264,000
    D.    Waiting-time penalties: $2,361,960
    E.    Wage statement penalties: $3,486,100
    F.    <u>Subtotal</u>: $7,168,060

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2
14
DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

G. Attorneys' fees: $1,792,015 [25% x $7,168,060]

**TOTAL AMOUNT IN CONTROVERSY: $8,960,075**

48. Thus, although Defendant denies Plaintiff's allegations and theories of maximum recovery, denies that Plaintiff or the putative class he purports to represent are entitled to any of the relief for which he has prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the amount in controversy on *only five* of Plaintiff's *eight* claims for damages is at least **$8,960,075** and greatly exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

49. Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## III. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

50. As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendant and all process, pleadings, and orders filed in this action are attached hereto in **Exhibits 1** and **2**.

51. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(a). This action was originally brought in the Superior Court of the State of California, County of Los Angeles and arises in part out of Plaintiff's employment there. Compl., ¶7. Therefore, this is the appropriate Court for removal.

52. As required by 28 U.S.C. § 1446(d), Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles.

53. Defendant is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

54. Defendant has sought no similar relief.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2

15

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433

55. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

56. By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## IV. CONCLUSION

57. Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendant prays that the above-captioned action pending in the Superior Court of the State of California, County of Los Angeles, be removed therefrom to the United States District Court for the Central District of California.

Dated: August 30, 2017

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Andrew P. Frederick*
Robert Jon Hendricks
Andrew P. Frederick

Attorneys for Defendant
DAL GLOBAL SERVICES, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31850908.2

16

DEFENDANT'S NOTICE OF REMOVAL
Case No. 2:17-cv-6433