Kane Moon (Cal. Bar No. 249834)
kane.moon@moonyanglaw.com
Justin F. Marquez (Cal. Bar No. 262417)
justin.marquez@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone:   (213) 232-3128
Facsimile:   (213) 232-3125
Attorneys for Plaintiffs MARK
BRULEE and TULLY MANDIZHA

[*Additional counsel listed on next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BRULEE, TULLY MANDIZHA, and JEFFREY HUTTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DAL GLOBAL SERVICES, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. 2:17-cv-06433-JVS (JCGx)<br><br>[Hon. James V. Selna, Courtroom 10C]<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>2. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>3. Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>4. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>5. Failure to Indemnify Employees for Expenditures [Cal. Lab. Code § 2802];<br>6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226];<br>8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; and<br>9. Civil Penalties Under PAGA [Cal. Lab. Code § 2699, et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

Matthew S. D'Abusco (Cal. Bar No. 251116)
Cynthia S. Sandoval (Cal. Bar No. 191390)
ARES LAW GROUP, P.C.
23 Corporate Plaza, Suite 150
Newport Beach, California 92660
Telephone: (949) 629-2519
Email: Matt@areslawgroup.com
Email: Cynthia@areslawgroup.com

Leslie J. Glyer (Cal. Bar No. 251226)
LESLIE GLYER LAW, P.C.
23 Corporate Plaza, Suite 150
Newport Beach, California 92660
Telephone: (949) 629-2527
Attorneys for Plaintiff Jeffrey Hutton
Email: leslie@caworkplacerights.com
Attorneys for Plaintiff Jeffrey Hutton

Case No. 2:17-cv-06433

SECOND AMENDED COMPLAINT

1

## **TABLE OF CONTENTS**

INTRODUCTION & PRELIMINARY STATEMENT............................................1

THE PARTIES ...................................................................................................3

    A.  Plaintiffs ...............................................................................................3

    B.  Defendants............................................................................................4

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ...........................5

CLASS ACTION ALLEGATIONS .....................................................................13

FIRST CAUSE OF ACTION ..............................................................................17

SECOND CAUSE OF ACTION .........................................................................19

THIRD CAUSE OF ACTION..............................................................................20

FOURTH CAUSE OF ACTION ..........................................................................22

FIFTH CAUSE OF ACTION ..............................................................................23

SIXTH CAUSE OF ACTION ..............................................................................24

SEVENTH CAUSE OF ACTION ........................................................................25

EIGHTH CAUSE OF ACTION ...........................................................................27

NINTH CAUSE OF ACTION ..............................................................................30

PRAYER FOR RELIEF .......................................................................................33

DEMAND FOR JURY TRIAL ............................................................................38

SECOND AMENDED COMPLAINT

Plaintiffs Mark Brulee, Tully Mandizha, and Jeffrey Hutton ("Plaintiffs"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, allege as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.      Plaintiffs bring this action against Defendant DAL Global Services, LLC, and Does 1 through 10 (DAL Global Services, LLC and Does 1 through 10 are collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum and straight time wages, failure to pay overtime wages, failure to maintain accurate records of hours worked, failure to reimburse business expenses, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.  Plaintiffs also seek equitable relief, interest, restitution, and reasonable attorney's fees and costs.

2.      Plaintiffs bring the First through Eighth Causes of Action individually and as a class action on behalf of themselves and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiffs and all other persons who have been employed by Defendants in California in a non-exempt, hourly-paid position during the statute of limitations period applicable to the claims pleaded here.

3.      Plaintiffs bring the Ninth Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Plaintiffs, the State of California, and certain past and present employees of Defendants (hereinafter referred to as the "Aggrieved Employees").

4.     Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County, for the purposes of providing commercial aviation services.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

5.     Despite these requirements, throughout the time period involved in this case, Defendants maintained a systematic, company-wide policy and practice of:

(a)     Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(b)     Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(c)     Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(d)     Failing to maintain accurate records of the hours employees worked;

(e)     Failing to reimburse employees for work-related expenses;

(f)     Willfully failing to pay employees all meal period, rest period, minimum wages, straight time wages, overtime wages, and

unreimbursed business expenses due within the time period specified by California law when employment terminates; and

(g)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

### A.   Plaintiffs

8.    Plaintiff Mark Brulee is a California resident who worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent from April 2016 to September 2016, and an Operations Agent since approximately September 2016 (both were non-exempt, hourly-paid positions).

9.    Plaintiff Tully Mandizha is a California resident who has worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent from April 2016 to September 2016, and an Operations Agent since approximately September 2016 (both were non-exempt, hourly-paid positions).

10.   Plaintiff Jeffrey Hutton is a California resident who worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent, a non-exempt, hourly-paid position, from February 16, 2015 to September 30, 2016.

11.     Plaintiffs reserve the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal.3d 864, 872 (1971), and other applicable law.

**B.     Defendants**

12.     Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendant DAL Global Services, LLC is, and at all times herein mentioned was:

(a)     A Delaware limited liability company with its corporate headquarters and principal place of business in Atlanta, Georgia.

(b)     A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County; and,

(c)     The former employer of Plaintiffs Mark Brulee and Jeffrey Hutton, the current employer of Plaintiff Tully Mandizha, and the current and/or former employer of the putative Class.  DAL Global Services, LLC suffered and permitted Plaintiffs, the Class, and the Aggrieved Employees to work and controlled their wages, hours, or working conditions.

13.     Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiffs, the Class, and the Aggrieved Employees as alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

14.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed

themselves of the jurisdiction of, and/or injured a significant number of the Plaintiffs, the Class, and the Aggrieved Employees in the State of California.

15.    Plaintiffs are informed and believe and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiffs are informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16.    Plaintiff Mark Brulee worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent (a non-exempt, hourly-paid position) from approximately September 2016 to December 2016.   Defendants paid Mr. Brulee a regular rate hourly wage of $10.50 per hour.  During Mr. Brulee's employment for Defendants, Mr. Brulee was scheduled to work from 8:30 p.m. to 2:30 a.m. or 3:00 a.m. on Sundays and Mondays, 11:30 a.m. to 8:30 p.m. on Tuesdays, and 5:45 a.m. to 1:30 p.m. on Wednesdays and Thursdays.

17.    Plaintiff Tully Mandizha has worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent from April 2016 to September 2016, and an Operations Agent since approximately September 2016 (both were

non-exempt, hourly-paid positions).   Defendants paid Mr. Mandizha a regular rate hourly wage of $9.50 per hour when Mr. Mandizha worked as a Ramp Agent and $11.50 per hour when he worked as an Operations Agent.  Defendants typically scheduled Mr. Mandizha to work shifts beginning in the morning or early afternoon, but during Mr. Mandizha's employment, he was also scheduled to work an overnight shift that began during one workday and ended on the next workday, as well as another shift that began on the same day that the overnight shift ended. Mr. Mandizha has also worked more than 10 hours in a workday and more than 40 hours in a workweek for Defendants.

18.    Plaintiff Jeffrey Hutton is a California resident who worked for Defendants at John Wayne Airport, Orange County, California as a Ramp Agent, a non-exempt, hourly-paid position, from February 16, 2015 to September 30, 2016. Defendants paid Mr. Hutton an hourly wage and typically scheduled him to work at least 8 hours in a workday, but there were also times when Mr. Hutton worked over 10 hours in a workday and 40 hours in a workweek for Defendants.

19.    Throughout Plaintiffs' employment, Defendants failed to provide Plaintiffs with meal periods, failed to authorize and permit Plaintiffs to take rest periods, failed to pay Plaintiffs for all hours worked (including minimum wages, straight time wages, and overtime wages), failed to pay Plaintiffs the correct amount of overtime wages, failed to maintain accurate records of the hours Plaintiffs worked, failure to reimburse Plaintiffs' business expenses, failed to timely pay all final wages to Plaintiffs Mark Brulee and Jeffery Hutton when Defendants terminated their employment, and failed to furnish accurate wage statements to Plaintiffs.  As discussed below, Plaintiffs' experience working for Defendants was typical and illustrative.

20.    Throughout the time period involved in this case, Defendants have wrongfully failed to provide Plaintiffs, the Class, and the Aggrieved Employees with timely and duty-free meal periods.  Defendants regularly required Plaintiffs,

the Class, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiffs, the Class, and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants did not adequately inform Plaintiffs, the Class, and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendants did not have adequate written policies or practices providing meal periods for Plaintiffs, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of meal periods. Defendants also did not have adequate policies or practices to verify whether Plaintiffs, the Class, and the Aggrieved Employees were taking their required meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiffs, the Class, and the Aggrieved Employees in compliance with California law.

21.     Throughout the time period involved in this case, Defendants have wrongfully failed to authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take timely and duty-free rest periods. Defendants regularly required Plaintiffs, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiffs, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendants did not adequately inform Plaintiffs, the Class, and the Aggrieved Employees of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiffs, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also

did not have adequate policies or practices to verify whether Plaintiffs, the Class, and the Aggrieved Employees were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiffs, the Class, and the Aggrieved Employees took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take rest periods in compliance with California law.

22. Throughout the time period involved in this case, Defendants maintained a policy and practice of failing to pay Plaintiffs, the Class, and the Aggrieved Employees for all hours worked. Defendants required Plaintiffs, the Class, and the Aggrieved Employees to work "off-the-clock", uncompensated, by, for example, automatically deducting 30-minutes to 1-hour for each shift that Plaintiffs, the Class, and the Aggrieved Employees worked in order to falsely indicate on time records that Plaintiffs, the Class, and the Aggrieved Employees took meal periods, when in fact Defendants did not provide Plaintiffs, the Class, and the Aggrieved Employees with legally compliant meal periods and instead required them to work during this time. Moreover, Defendants regularly used a system of time rounding in a manner that results, over a period of time, in failure to compensate Plaintiffs, the Class, and the Aggrieved Employees properly for all the time they have actually worked, even though the realities of Defendants' operations are such that it is possible, practical, and feasible to count and pay for work time to the minute. Due to Defendants' time rounding, Plaintiffs, the Class, and the Aggrieved Employees are frequently paid for less than all their work time. Some of this unpaid work due to Defendants' policies of automatically deducting meal periods and time rounding should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiffs, the Class, and the Aggrieved Employees worked.

23. Throughout the time period involved in this case, Defendants maintained a policy and practice of failing to pay Plaintiffs, the Class, and the Aggrieved Employees the correct amount of overtime pay.  For example:

(a) Defendants failed to pay overtime correctly when Plaintiffs, the Class, and the Aggrieved Employees worked an overnight shift followed by another shift the next day.  Defendants employed Plaintiff Mark Brulee and other Class members to work a shift beginning at 8:30 p.m. on a Monday and ending at 2:30 a.m. on the next calendar day, Tuesday, and Defendants also employed Plaintiff Mark Brulee and other Class members to work that same Tuesday from 11:30 a.m. to 8:30 p.m. without paying for all overtime hours worked on the same workday as required by California law.  Similarly, Defendants employed Plaintiff Tully Mandizha to work a shift beginning at 2:00 p.m. on Wednesday, August 24, 2016 and ending at 12:22 p.m. on the next calendar day, Thursday, and Defendants also employed Plaintiff Tully Mandizha to work that same Thursday from 1:45 p.m. to 10:30 p.m. without paying for all overtime hours worked on the same workday as required by California law.

(b) Defendants maintained a policy and practice of failing to pay Plaintiffs, the Class, and the Aggrieved Employees the correct amount of overtime pay in compliance with California law by failing to include all applicable remuneration in calculating the regular rate of pay.  Throughout the statutory period, Plaintiffs, the Class, and the Aggrieved Employees worked more than 8 hours in a workday and more than 40 hours in a workweek.  In addition, Plaintiffs, the Class, and the Aggrieved Employees earned non-discretionary bonuses.  Defendants, however, failed

1   to include these non-discretionary bonuses earned by Plaintiffs,

2   the Class, and the Aggrieved Employees for calculating the

3   regular rate of pay for overtime purposes.  To illustrate, Plaintiff

4   Tully Mandizha earned around $290 in bonuses in 2017 that

5   were based on meeting numerically defined performance

6   thresholds, and he worked overtime when the bonus accrued.

7   Defendants, however, did not include these bonuses when

8   calculating Mr. Mandizha's regular rate of pay when paying him

9   for overtime.

10   (c)   Defendants also failed to pay overtime correctly when Plaintiffs,

11   the Class, and the Aggrieved Employees worked "shift swaps."

12   "Shift swaps" occur when employees trade shifts with each

13   other.  To illustrate, on the pay period ending December 18,

14   2016, Mr. Mandizha's payroll records state that he worked 39.87

15   hours paid at a regular rate of $11.50 per hour, 1.97 hours paid

16   at an overtime rate of $17.25 per hour, and 8.32 hours for "shift

17   swaps" paid at $11.50 per hour.  Because Mr. Mandizha worked

18   at least 50.97 hours in that workweek, he was entitled to at least

19   10.97 hours of overtime, which Defendants did not fully pay.  In

20   failing to include hours worked during "shift swaps" in

21   calculating overtime pay, Defendants violated the California

22   Labor Code's requirement to pay overtime when Plaintiffs, the

23   Class, and the Aggrieved Employees work more than 8 hours in

24   a workday or more than 40 hours in a workweek.

25   Accordingly, Defendants' failure to pay Plaintiffs, the Class, and the Aggrieved

26   Employees the correct amount of overtime pay was not a single, isolated incident,

27   but was instead part of Defendants' policy and practice that applied to Plaintiffs,

28   the Class, and the Aggrieved Employees.

24.     Throughout the time period involved in this case, Defendants have wrongfully required Plaintiffs, the Class, and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendants. Defendants required Plaintiffs, the Class, and the Aggrieved Employees to wear uniforms consisting of blue khaki pants, a shirt with Defendants' unique logo, an orange vest, ear plugs, and steel toe boots, but Defendants failed to indemnify Plaintiffs, the Class, and the Aggrieved Employees for the cost of purchasing and maintaining their uniforms.

25.     Throughout the time period in this case, Defendants willfully failed and refused to timely pay Plaintiffs Mark Brulee and Jeffrey Hutton, the Class, and the Aggrieved Employees at the conclusion of their employment all wages for missed meal periods, rest periods, hours worked (including minimum, straight time, and overtime wages), and employment-related expenses.

26.     Throughout the time period in this case, Defendants failed to furnish Plaintiffs, the Class, and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, correct wages earned for hours worked, and reimbursement for employment-related expenses).  As a result of these violations of California Labor Code § 226(a), the Plaintiffs, the Class, and the Aggrieved Employees suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period

11                    Case No. 2:17-cv-06433

premium wages to which they were entitled, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium wages owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)     by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)     the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiffs, the Class, and the Aggrieved Employees were entitled, and Plaintiffs, the Class, and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiffs, the Class, and the Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

27.    Plaintiffs bring certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Rule 23.

28.    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

29.    The proposed Class consists of and is defined as:

> All persons that worked for any Defendant in an hourly-paid, non-exempt position in California at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

30.    Plaintiffs also seek to represent an "Overnight Shift" Subclass defined as:

> All Class Members who worked a shift that began on one calendar day and ended the next calendar day (an "overnight shift") followed by a shift that began on the same calendar day as the night shift ended, and who worked in excess of eight hours in a 24-hour period during the workday when the overnight shift ended.

31.    At all material times, Plaintiffs were members of the Class and Subclass.

32.    Plaintiffs undertake this concerted activity to improve the wages and working conditions of all Class Members.

33.    There is a well-defined community of interest in the litigation and the Class and Subclass are readily ascertainable:

(a)    Numerosity:  The members of the Class and each Subclass are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is

unknown to Plaintiffs at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no conflicts with or interests antagonistic to any Class Member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of

the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

34. There are common questions of law and fact as to the Class and each Subclass that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to provide meal periods and pay meal period premium wages to Class Members;

(b) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(c) Failed to pay Class Members for all hours worked, including minimum wages, straight time wages, and overtime wages;

(d) Failed to reimburse Class Members for business expenses;

(e) Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

1
2

    (f)    Failed to provide Class Members with accurate wages statements;

3
4
5

    (g)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed; and

6
7

    (h)    Violated <u>California Business & Professions Code</u> §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

8
9

35.    This Court should permit this action to be maintained as a class action pursuant to <u>California Code of Civil Procedure § 382</u> because:

10
11

    (a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

12
13
14

    (b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

15
16

    (c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

17
18
19

    (d)    Plaintiffs, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

20
21
22
23
24

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

25
26

    (f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

27
28

        1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish

incompatible standards of conduct for Defendants; and/or

2)      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)      Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

36.      Plaintiffs contemplate the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiffs would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Provide Meal Periods)**

37.      Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 36 in this Complaint.

38.      Under California law, Defendants have an affirmative obligation to relieve the Plaintiffs and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiffs' and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the

eleventh hour of work in the workday.  Section 512 of the <u>California Labor Code</u>, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the <u>California Labor Code</u> for an employer to require any employee to work during any meal period mandated under any Wage Order.

39.    Despite these legal requirements, Defendants regularly failed to provide Plaintiffs and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiffs and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the <u>California Labor Code</u> and the applicable Wage Orders.

40.    Under California law, Plaintiffs and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s).

41.    Defendants regularly failed to pay Plaintiffs and the Class the additional wages to which they were entitled for meal periods and that were not provided.  As a direct and proximate result of the unlawful acts of Defendants, and each of them, Plaintiffs and the Class have been deprived of compensation for the time they worked during legally-mandated breaks, plus interest thereon, attorneys' fees, and costs, under Sections 1194, 218.5 and 218.6 of the <u>California Labor Code</u>, as well as premium pay of one hour's pay under Section 226.7 of the <u>California Labor Code</u> and Sections 11 and 12 of the applicable Wage Orders for each day when they were denied such meal or rest periods.

42.    Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor as described herein, and according to proof at trial, including attorneys' fees as permitted by statute.

## SECOND CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Failure to Authorize and Permit Rest Periods)

43.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 36 in this Complaint.

44.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the <u>California Labor Code,</u> the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the <u>California Labor Code</u> for an employer to require any employee to work during any rest period mandated under any Wage Order.

45.     Despite these legal requirements, Defendants failed to authorize Plaintiffs and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday.  By their failure to permit and authorize Plaintiffs and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the <u>California Labor Code</u> and the applicable Wage Orders.

46.     Under California law, Plaintiffs and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s).

47.     Defendants regularly failed to pay Plaintiffs and the Class the additional wages to which they were entitled for rest breaks Defendants failed authorize and permit.  As a result, Defendants are liable to Plaintiffs and the Class

for one hour of additional wages for each workday when they did not receive a rest break.  As a direct and proximate result of the unlawful acts of Defendants, and each of them, Plaintiffs and the Class have been deprived of compensation for the time they worked during legally-mandated breaks, plus interest thereon, attorneys' fees, and costs, under Sections 1194, 218.5 and 218.6 of the California Labor Code, as well as premium pay of one hour's pay under Section 226.7 of the California Labor Code and Sections 11 and 12 of the applicable Wage Orders for each day when they were denied such meal or rest periods.

48.    Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor as described herein, and according to proof at trial, including attorneys' fees as permitted by statute.

## THIRD CAUSE OF ACTION

### (By All Plaintiffs Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)

49.    Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 36 in this Complaint.

50.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

51.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiffs and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

52.    Accordingly, Plaintiffs and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

53.     By and through the conduct described above, Plaintiffs and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

54.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiffs and the Class for their non-overtime hours worked without pay, Plaintiffs and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiffs and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

55.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due to Plaintiffs and the Class.

56.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

57.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiffs and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiffs and the Class all such wages due, and failed to pay those wages twice a month.

58.     Plaintiffs and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

///

///

///

## FOURTH CAUSE OF ACTION

### (By All Plaintiffs Against all Defendants for Failure to Pay Overtime Wages)

59.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 36 in this Complaint.

60.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

61.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

62.     At all times relevant hereto, Plaintiffs and the Class have worked more than eight hours in a workday, as employees of Defendants.

63.     At all times relevant hereto, Defendants failed to pay Plaintiffs and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiffs and the Class are regularly required to work overtime hours.

64.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiffs and the Class for their overtime hours worked, Plaintiffs and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

65.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiffs and the Class.

66.     Plaintiffs and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to <u>California Labor Code</u> § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

67.     <u>California Labor Code</u> § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiffs and the Class with all compensation due, in violation of <u>California Labor Code</u> § 204.

## FIFTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Indemnify Employees for Expenditures)**

68.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 36 in this Complaint.

69.     Defendants violated <u>California Labor Code</u> § 2802, by failing to pay and indemnify Plaintiffs and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

70.     As a result, Plaintiffs and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

71.     Plaintiffs and the Class are entitled to attorney's fees, expenses, and costs of suit pursuant to <u>California Labor Code</u> § 2802(c) and interest pursuant to <u>California Labor Code</u> § 2802(b).

# SIXTH CAUSE OF ACTION

**(By Plaintiffs Mark Brulee and Jeffrey Hutton Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

72.     Plaintiffs incorporates by reference and re-allege as if fully stated herein paragraphs 1 through 71 in this Complaint.

73.     At all times herein set forth, <u>California Labor Code</u> §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74.     Within the applicable statute of limitations, the employment of Plaintiffs Mark Brulee, Jeffrey Hutton, and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by <u>California Labor Code</u> sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

75.     Defendants' failure to pay Plaintiffs Mark Brulee, Jeffrey Hutton, and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of <u>California Labor Code</u> §§ 201 and 202.

76.     <u>California Labor Code</u> § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same

1  rate until paid or until an action is commenced; but the wages shall not continue for

2  more than thirty (30) days.

3    77.   Plaintiffs Mark Brulee, Jeffrey Hutton, and the Class are entitled to

4  recover from Defendants their additionally accruing wages for each day they were

5  not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to

6  California Labor Code § 203.

7    78.   Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiffs

8  Mark Brulee, Jeffrey Hutton, and the Class are also entitled to an award of

9  reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

10                    **SEVENTH CAUSE OF ACTION**

11  **(By All Plaintiffs Against all Defendants for Failure to Provide and Maintain**

12                **Accurate and Compliant Wage Records)**

13    79.   Plaintiffs incorporate by reference and re-allege as if fully stated

14  herein paragraphs 1 through 78 in this Complaint.

15    80.   At all material times set forth herein, California Labor Code § 226(a)

16  provides that every employer shall furnish each of his or her employees an accurate

17  itemized wage statement in writing showing nine pieces of information, including:

18  (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

19  piece-rate units earned and any applicable piece rate if the employee is paid on a

20  piece-rate basis, (4) all deductions, provided that all deductions made on written

21  orders of the employee may be aggregated and shown as one item, (5) net wages

22  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

23  name of the employee and the last four digits of his or her social security number or

24  an employee identification number other than a social security number, (8) the

25  name and address of the legal entity that is the employer, and (9) all applicable

26  hourly rates in effect during the pay period and the corresponding number of hours

27  worked at each hourly rate by the employee.

28    81.   Defendants have intentionally and willfully failed to provide

employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiffs and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

82.    As a result of Defendants' violation of <u>California Labor Code</u> § 226(a), Plaintiffs and the Class have suffered injury and damage to their statutorily-protected rights.

83.    Specifically, Plaintiffs and the members of the Class have been injured by Defendants' intentional violation of <u>California Labor Code</u> § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under <u>California Labor Code</u> § 226(a).

84.    Calculation of the true wage entitlement for Plaintiffs and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiffs and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

85.    Plaintiffs and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with <u>California Labor Code</u> § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

86.    Plaintiffs and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to <u>California Labor Code</u> § 226(h).

///

///

///

///

## EIGHTH CAUSE OF ACTION

### (By All Plaintiffs Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

87.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 71, and 79 through 86 in this Complaint.

88.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

89.      Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other Class members, and to the general public.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

90.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

91.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

### Failure to Provide Meal Periods

92.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Maintain Accurate Records of Meal Periods

93.     Defendants' failure to maintain accurate records of employee meal

periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Authorize and Permit Rest Periods

94.　Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Pay Minimum and Straight Time Wages

95.　Defendants' failure to pay minimum wages, straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Pay Overtime Wages

96.　Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198, California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Maintain Accurate Records of All Hours Worked

97.　Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Indemnify Business Expenses

98.　Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Accurate Itemized Wage Statements**

99.    Defendants' failure to provide accurate itemized wage statements in accordance with <u>California Labor Code</u> § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code</u> §§ 17200, *et seq*.

100.   By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiffs, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

101.   Plaintiffs and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

102.   Plaintiffs, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiffs and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

103.   Plaintiffs, individually, and on behalf of members of the putative class, are further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

104.   Plaintiffs, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or

1   fraudulent business practices described above, Plaintiffs, individually, and on
2   behalf of members of the putative Class, have suffered and will continue to suffer
3   irreparable harm unless the Defendants, and each of them, are restrained from
4   continuing to engage in said unfair, unlawful and/or fraudulent business practices.

5      105.  Plaintiffs also allege that if Defendants are not enjoined from the
6   conduct set forth herein above, they will continue to avoid paying the appropriate
7   taxes, insurance and other withholdings.

8      106.  Pursuant to California Business & Professions Code §§ 17200, *et seq*.,
9   Plaintiffs and putative Class Members are entitled to restitution of the wages
10  withheld and retained by Defendants during a period that commences four years
11  prior to the filing of this complaint; a permanent injunction requiring Defendants to
12  pay all outstanding wages due to Plaintiffs and Class Members; an award of
13  attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other
14  applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

**(By All Plaintiffs Against all Defendants for Civil Penalties Under the
Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et seq.)**

18     107.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through
19  26, and 37 through 86 as though fully set forth herein.

20     108.  At all times herein mentioned, Defendants were subject to the Labor
21  Code of the State of California and the applicable Industrial Welfare Commission
22  Orders.

23     109.  California Labor Code § 2699(a) specifically provides for a private
24  right of action to recover penalties for violations of the Labor Code:
25  "Notwithstanding any other provision of law, any provision of this code that
26  provides for a civil penalty to be assessed and collected by the Labor and
27  Workforce Development Agency or any of its departments, divisions, commissions,
28  boards, agencies, or employees, for a violation of this code, may, as an alternative,

1   be recovered through a civil action brought by an aggrieved employee on behalf of

2   himself or herself and other current or former employees pursuant to the procedures

3   specified in Section 2699.3."

4       110.    Plaintiffs have exhausted their administrative remedies pursuant to

5   California Labor Code § 2699.3.  On August 1, 2017, Plaintiff Mark Brulee gave

6   written notice by online filing to the Labor and Workforce Development Agency

7   and by certified mail to Defendants of the specific provisions of the Labor Code

8   that Defendants have violated against Plaintiff Mark Brulee and current and former

9   aggrieved employees, including the facts and theories to support the violations.

10  Plaintiff Mark Brulee also paid the filing fee on August 1, 2017.  Plaintiff Mark

11  Brulee's PAGA case number is LWDA-CM-301674-17.  Similarly, Plaintiff Tully

12  Mandizha provided written notice to the LWDA on December 22, 2017 and paid

13  the filing fee on December 26, 2017; Mr. Mandizha's PAGA case number is

14  LWDA-CM-389547-17.  Plaintiff Jeffrey Hutton provided written notice to the

15  LWDA on February 28, 2017 and subsequently paid the filing fee.

16      111.    More than 65 days has elapsed since Plaintiffs provided notice, but the

17  Labor and Workforce Development Agency has not indicated that it intends to

18  investigate Defendants' Labor Code violations discussed in the notice.

19  Accordingly, Plaintiffs may commence a civil action to recover penalties under

20  California Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor

21  Code described in this Complaint.  These penalties include, but are not limited to,

22  penalties under California Labor Code §§ 210, 226.3, 226.7, 558, 1197.1, and 2699.

23      112.    In addition, Plaintiffs seek penalties for Defendants' violation of

24  California Labor Code § 1174(d).  Pursuant to California Labor Code § 1174.5, any

25  person, including any entity, employing labor who willfully fails to maintain

26  accurate and complete records required by California Labor Code § 1174 is subject

27  to a penalty under § 1174.5.  Pursuant to the applicable IWC Order § 7(A)(3), every

28  employer shall keep time records showing when the employee begins and ends

1    each work period. Meal periods, and total hours worked daily shall also be

2    recorded. Additionally, pursuant to the applicable IWC Order § 7(A)(5), every

3    employer shall keep total hours worked in the payroll period and applicable rates of

4    pay.

5        113.   During the time period of employment for Plaintiffs and the Aggrieved

6    Employees, Defendants failed to maintain records pursuant to the Labor Code and

7    IWC Orders by failing to maintain accurate records showing meal periods, and

8    accurate records showing when employees begin and end each work period.

9    Defendants' failure to provide and maintain records required by the Labor Code

10   IWC Wage Orders deprived Plaintiffs and the Aggrieved Employees the ability to

11   know, understand and question the accuracy and frequency of meal periods, and the

12   accuracy of their hours worked stated in Defendants' records. Therefore, Plaintiffs

13   and the Aggrieved Employees had no way to dispute the resulting failure to pay

14   wages, all of which resulted in an unjustified economic enrichment to Defendants.

15   As a direct result, Plaintiffs and the Aggrieved Employees have suffered and

16   continue to suffer, substantial losses related to the use and enjoyment of such

17   wages, lost interest on such wages and expenses and attorney's fees in seeking to

18   compel Defendants to fully perform its obligation under state law, all to their

19   respective damage in amounts according to proof at trial. Because of Defendants'

20   knowing failure to comply with the Labor Code and applicable IWC Wage Orders,

21   Plaintiffs and the Aggrieved Employees have also suffered an injury in that they

22   were prevented from knowing, understanding, and disputing the wage payments

23   paid to them.

24       114.   Based on the conduct described in this Complaint, Plaintiffs are

25   entitled to an award of civil penalties on behalf of himself, the State of California,

26   and similarly Aggrieved Employees of Defendants. The exact amount of the

27   applicable penalties, in all, is in an amount to be shown according to proof at trial.

28   These penalties are in addition to all other remedies permitted by law.

115.   In addition, Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to <u>California Labor Code</u> § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiffs, individually, and on behalf of all others similarly situated only with respect to the class claims, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.   That Plaintiffs be appointed as the representatives of the Class and subclass; and

3.   That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4.   That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u> §§ 226.7 and 512, and the IWC Wage Orders;

5.   For general unpaid wages and such general and special damages as may be appropriate;

6.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.   For reasonable attorneys' fees under <u>California Code of Civil Procedure</u> § 1021.5, and for costs of suit incurred herein; and

8.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

9.   That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u> §§ 226.7 and 512, and the IWC Wage Orders;

1   10.    For general unpaid wages and such general and special damages as

2   may be appropriate;

3   11.    For pre-judgment interest on any unpaid compensation commencing

4   from the date such amounts were due;

5   12.    For reasonable attorneys' fees under California Code of Civil

6   Procedure § 1021.5, and for costs of suit incurred herein; and

7   13.    For such other and further relief as the Court may deem equitable and

8   appropriate.

9                                As to the Third Cause of Action

10  14.    That the Court declare, adjudge and decree that Defendants violated

11  California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by

12  willfully failing to pay all minimum and straight time wages due;

13  15.    For general unpaid wages and such general and special damages as

14  may be appropriate;

15  16.    For pre-judgment interest on any unpaid compensation commencing

16  from the date such amounts were due;

17  17.    For liquidated damages;

18  18.    For reasonable attorneys' fees and for costs of suit incurred herein

19  pursuant to California Labor Code § 1194(a); and,

20  19.    For such other and further relief as the Court may deem equitable and

21  appropriate.

22                               As to the Fourth Cause of Action

23  20.    That the Court declare, adjudge and decree that Defendants violated

24  California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by

25  willfully failing to pay all overtime wages due;

26  21.    For general unpaid wages at overtime wage rates and such general and

27  special damages as may be appropriate;

28  22.    For pre-judgment interest on any unpaid overtime compensation

commencing from the date such amounts were due;

23.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to <u>California Labor Code</u> § 1194(a); and,

24.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25.   That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u> § 2802;

26.   For general unpaid wages and such general and special damages as may be appropriate;

27.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.   For reasonable attorneys' fees and for costs of suit incurred herein; and

29.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u> §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.   For all actual, consequential and incidental losses and damages, according to proof;

32.   For statutory wage penalties pursuant to <u>California Labor Code</u> § 203 for former employees who have left Defendants' employ;

33.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

34.   For reasonable attorneys' fees and for costs of suit incurred herein; and

35.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

36.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of <u>California Labor Code</u> § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

37.     For all actual, consequential and incidental losses and damages, according to proof;

38.     For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

39.     For injunctive relief to ensure compliance with this section, pursuant to <u>California Labor Code</u> § 226(h);

40.     For reasonable attorneys' fees and for costs of suit incurred herein; and

41.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

42.     That the Court declare, adjudge and decree that Defendants violated <u>California Business & Professions Code</u> §§ 17200, *et seq.* by failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to maintain accurate records of all hours worked, failing to indemnify necessary business expenses, and failing to furnish accurate wage statements;

43.     For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

44.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of <u>California Business & Professions Code</u> §§ 17200 *et seq.*;

45.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

46.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

47.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Ninth Cause of Action</u>

48.     That the Court declare, adjudge and decree that Defendants violated the California Labor Code by failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to indemnify necessary business expenses, failing to furnish accurate wage statements, and failing to maintain accurate records of all hours worked;

49.     For all actual, consequential and incidental losses and damages, according to proof;

50.     For all civil penalties pursuant to California Labor Code §§ 2699, *et seq*., and all other applicable Labor Code provisions;

51.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699;

52.     For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

///

///

///

1

<u>As to all Causes of Action</u>

2

53.     For any additional relief that the Court deems just and proper.

3

Dated: May 25, 2018                    Respectfully submitted,

4

MOON & YANG, APC

5

6

By: /s/ Justin F. Marquez
Kane Moon

7

Justin F. Marquez

8

Attorneys for Plaintiffs MARK BRULEE
and TULLY MANDIZHA

9

Dated: May 25, 2018                    ARES LAW GROUP, P.C.

10

11

By: /s/ Matthew S. D'Abusco*
Matthew S. D'Abusco

12

Cynthia S. Sandoval

13

LESLIE GLYER LAW, P.C.

14

Leslie J. Glyer

15

Attorneys for Plaintiff JEFFREY
HUTTON

16

**<u>DEMAND FOR JURY TRIAL</u>**

17

Plaintiffs demand a trial by jury as to all causes of action triable by jury.

18

Dated: May 25, 2018                    MOON & YANG, APC

19

20

By: /s/ Justin F. Marquez
Kane Moon

21

Justin F. Marquez

22

Attorneys for Plaintiffs MARK BRULEE
and TULLY MANDIZHA

23

24

Dated: May 25, 2018                    ARES LAW GROUP, P.C.

25

26

By: /s/ Matthew S. D'Abusco*
Matthew S. D'Abusco

Cynthia S. Sandoval

27

28

Dated: May 25, 2018                    LESLIE GLYER LAW, P.C.

By: /s/ Leslie J. Glyer*
Leslie J. Glyer

Attorneys for Plaintiff JEFFREY
HUTTON

        *Filer attests that all other signatories listed, and on whose behalf the filing

is submitted, concur in the filing's content and have authorized the filing.